UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 08 CR 404 |
| | ) | |
| v. | ) | JUDGE COAR |
| | ) | |
| PHYLLIS MENDENHALL | ) | MAGISTRATE JUDGE ASHMAN |
| | ) | |
| | ) | Violations: Title 18, United States Code, |
| | ) | Section 666(a)(1)(B) |

FILED
AUG 14, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## COUNT ONE

The UNITED STATES ATTORNEY charges:

1. At times material to this information:

    A. The City of Chicago ("the City") was a unit of local government known as a municipal corporation, and a political subdivision of the State of Illinois. The functions and services provided by the City on behalf of its residents were coordinated through various agencies and departments. One of the City's operational departments was the Department of Buildings.

    B. The principal function of the Department of Buildings was to conduct inspections to ensure that buildings conformed and are maintained according to the City's Building Code. The Department of Buildings issued Certificates of Occupancy indicating that a building conformed to the Building Code. Certificates of Occupancy were required for a variety of construction projects, including all new or remodeled multi-unit buildings consisting of four or more dwelling units. A property owner had to obtain the Certificate of Occupancy before the dwelling units were occupied.

    C. PHYLLIS MENDENHALL held the position of Inquiry Aide III in the New Construction Bureau of the Department of Buildings. MENDENHALL was responsible for issuing Certificates of Occupancy after the Department of Buildings had inspected the property.

D. Individual A was an expediter, a businessperson who, among other services, assisted homeowners and property developers in applying for an obtaining City approval for construction projects. Unbeknownst to MENDENHALL, as of May 21, 2007, Individual A was cooperating with the government.

E. Multi-unit properties located at 922 North Oakley Street ("the Oakley property") and 5326-28 South Prairie Street ("the Prairie property") in Chicago were undergoing renovations. The renovations included new electrical wiring, plumbing, and heating, ventilation, and air conditioning ("HVAC") outfitting for each unit. The Department of Buildings required that each property obtain a Certificate of Occupancy prior to its units being occupied.

2. On or about October 25, 2007, at Chicago, in the Northern District of Illinois, Eastern Division,

PHYLLIS MENDENHALL,

defendant herein, being an agent of the City, corruptly accepted and agreed to accept, a thing of value, namely a $200 cash payment from Individual A, intending to be influenced and rewarded in connection with a business and series of transactions of the City involving something of value of $5,000 or more, that is, the issuance of Certificates of Occupancy for the Oakley property and the Prairie property, the City being a local government that received in excess of $10,000 in federal funding in a period from March 29, 2007, through March 27, 2008;

In violation of Title 18, United States Code, Section 666(a)(1)(B).

## COUNT TWO

The UNITED STATES ATTORNEY further charges:

1. Paragraph 1 of Count One of this information is realleged and incorporated as though fully set forth herein.

2. On or about March 28, 2008, at Chicago, in the Northern District of Illinois, Eastern Division,

PHYLLIS MENDENHALL,

defendant herein, being an agent of the City, corruptly accepted and agreed to accept, a thing of value, namely a $100 cash payment from Individual A, intending to be influenced and rewarded in connection with a business and series of transactions of the City involving something of value of $5,000 or more, that is, the issuance of a Certificate of Occupancy for the Prairie property, the City being a local government that received in excess of $10,000 in federal funding in a period from March 29, 2007, through March 28, 2008;

In violation of Title 18, United States Code, Section 666(a)(1)(B).

_____
UNITED STATES ATTORNEY  by Joel R. Le___